**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WHITLOCK CONSTRUCTION, INC.,
a Wyoming Corporation,

Plaintiff-Appellant,

v.

DANIEL R. GLICKMAN, in his
official capacity as Secretary of the
United States Department of
Agriculture; DERREL L. CARRUTH,
in his official capacity as Wyoming
State Director, Rural Development
Agency, United States Department of
Agriculture; WALLY BEYER, in his
official capacity as Administrator,
Rural Utility Service, a Division of the
Rural Development Agency, United
States Department of Agriculture;
JOHN E. COCHRAN, individually and
in his official capacity as Business and
Cooperatives Program Director for the
State of Wyoming Rural Utility
Service, a Division of the Rural
Development Agency, United States
Department of Agriculture,

Defendants-Appellees.

No. 00-8006
(D.C. No. 99-CV-69-B)
(D. Wyo.)

---

ORDER AND JUDGMENT *

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Whitlock Construction, Inc. appeals the district court's dismissal of its complaint based on the absence of a live case or controversy under Article III of the United States Constitution.  Because we agree that plaintiff lacks standing to pursue its claim, we dismiss this appeal.

Plaintiff is a construction company which bids often on public utility works projects.  In the summer of 1997, plaintiff bid on Phase II of a water supply project being constructed by the South Big Horn County Water Supply Joint Powers Board (Board) near Basin, Wyoming.  The project was being funded by loans and grants from the Rural Utility Service (RUS), which is an agency of the Department of Agriculture, and by the Wyoming Water Development Commission.  As part of the funding arrangements, the two funding agencies had

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to concur in the selection of the bidder before the Board could enter into a binding contract.

When the Board opened the sealed bids on July 11, 1997, the lowest bidder was Larry's, Inc., followed by plaintiff. The Board determined that the bid by Larry's was deficient in several respects and decided to award the contract to plaintiff, as the lowest responsible bidder. Representatives from the two funding agencies questioned this decision, and the RUS delivered a letter advising the Board that it could not concur with the decision to award the contract to plaintiff, who was the second lowest bidder, because the Board had not provided sufficient justification to show that Larry's was not a responsible bidder. Based on the RUS' threat to withdraw funding, the Board decided to award the contract to Larry's, and the parties entered into a contract for Phase II of the project in October 1997.

In November 1997, plaintiff wrote the RUS protesting the award of the contract to Larry's. On March 3, 1999, plaintiff brought this suit for a review of the RUS's actions under the Administrative Procedure Act (APA), 5 U.S.C. § 702, seeking a declaration that the RUS' actions were illegal and an abuse of discretion, and for damages against the RUS project administrator pursuant to 42 U.S.C. § 1983. The parties later agreed to dismiss the § 1983 action.

During a hearing on November 22, 1999, defendant's attorney raised for the first time the question of whether plaintiff's injury was redressable in light of the completion of Phase II of the water project. R. II, at 679-80. In response, plaintiff's attorney argued that the case had not become moot because contractors such as plaintiff would not bid on future projects if they doubted the fairness of the RUS, and that it was in the public interest to resolve the issue of the RUS' authority. Id. at 680-82. At the end of the hearing the district court noted its concern whether it could redress plaintiff's injury, and took the matter under advisement. On December 21, 1999, the district court issued an order dismissing plaintiff's case for lack of standing, based on its lack of a redressable injury once Phase II of the project had been completed.[1]

On appeal, plaintiff has moved to supplement the record with deposition transcripts and an affidavit relating to the standing issue, arguing it was not given an opportunity to submit such evidence to the district court. Defendant opposes the motion because the documents were not before the district court. Under ordinary circumstances, it would be inappropriate to consider such documents for

---

[1] The district court determined that Phase II had been completed based on statements by the RUS' attorney at the November 22, 1999 hearing, which plaintiff did not dispute. Although in its reply brief plaintiff alludes to the lack of hard evidence before the district court as to when Phase II was completed, it does not argue that the court's finding was incorrect. We therefore accept the finding that Phase II was completed some time before the November hearing.

the first time on appeal. See Lewis v. Continental Bank Corp., 494 U.S. 472, 480-82 (1990) (denying appellant's motion to supplement record to establish standing with an affidavit stating appellant's future intent, but remanding for parties to submit evidence on appellant's continued concrete interest in the controversy). Here, however, plaintiff's affidavit and deposition testimony simply support the argument that was made to, and was rejected by, the district court. In light of when the standing issue was raised in this case, we will allow plaintiff to supplement the record to permit a full determination.

We review the district court's standing ruling de novo. Cache Valley Elec. Co. v. Utah Dep't of Transp., 149 F.3d 1119, 1122 (10th Cir. 1998). To demonstrate standing, a party must show three things:

> (1) injury in fact, by which we mean an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, (2) a causal relationship between the injury and the challenged conduct, by which we mean that the injury fairly can be traced to the challenged action of the defendant, and has not resulted from the independent action of some third party not before the court, and (3) a likelihood that the injury will be redressed by a favorable decision, by which we mean that the prospect of obtaining relief from the injury as a result of a favorable ruling is not too speculative. These elements are the irreducible minimum required by the Constitution.

Northeastern Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla., 508 U.S. 656, 663-64 (1993) (quotations and citations omitted).

Plaintiff argues that his unwillingness to bid on future offerings is a cognizable injury stemming from the RUS' conduct, and that a declaratory judgment that the RUS exceeded its authority in this case will redress that injury so that plaintiff can, once again, competitively bid on future RUS projects. In Adarand Constructors, Inc. v. Pena, 515 U.S. 200, 211-12 (1995), the Supreme Court held that a disappointed bidder for a government contract had standing to seek "forward-looking relief" based on a showing that sometime in the relatively near future it would bid on another government contract which would contain the same provision as that challenged by the prospective litigant.

The circumstances in our case are significantly different from those in Adarand. There, the plaintiff was challenging an ongoing federal program designed to provide highway contracts to small businesses controlled by socially and economically disadvantaged individuals. Id. at 206-09. The plaintiff therefore was able to show that it faced a concrete risk of similar treatment by the agency in the immediate future.

Here, in contrast, plaintiff seeks a declaration that under the specific facts of its case, the agency abused its discretion by overriding the Board's decision that Larry's was not a responsible bidder and by making ex parte arrangements with Larry's to revise its bid. Even if we assume that the agency abused its discretion, plaintiff has not shown a "concrete" and "imminent" risk that it will

again be the second lowest bidder for a project funded by the RUS; that the lowest bidder will submit a bid with the same types of deficiencies as those in Larry's bid; that the board in charge of awarding contracts will reject the low bidder's bid; and that the RUS will again conclude that the board's rejection was not sufficiently justified and will make a separate arrangement with the low bidder. Such a possibility is too speculative to show an actual controversy in this case. See City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983) (holding plaintiff who had been subjected to an allegedly illegal chokehold lacked standing to seek forward-looking equitable relief because he did not "establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer . . . who would illegally choke him into unconsciousness without any provocation or resistance on his part").

Plaintiff's withholding of its bids in the future because of its subjective distrust of the agency's impartiality does not demonstrate a sufficient injury. See id. at 107 n.8 ("It is the *reality* of the threat of repeated injury that is relevant to the standing inquiry, not the plaintiff's subjective apprehensions. The emotional consequences of a prior act simply are not a sufficient basis for [prospective relief] absent a real and immediate threat of future injury by the defendant.").

For the foregoing reasons, the appeal is DISMISSED.


Entered for the Court


Michael R. Murphy
Circuit Judge